# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTWINE HACKNEY, | ) |
| Plaintiff, | ) Case No. 2:12-cv-01786-JCM-CWH |
| vs. | ) **ORDER** |
| ELLIS ISLAND CASINO & BREWERY, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed October 11, 2012.

## DISCUSSION

**I.    *In Forma Pauperis* Application**

Plaintiff submitted a financial affidavit along with his application and complaint as required by 28 U.S.C. § 1915(a). After reviewing the financial affidavit pursuant to 28 U.S.C. § 1915(a), the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Specifically, federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially

1   noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

2   Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
3   complaint for failure to state a claim upon which relief can be granted.  A complaint should be
4   dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of
5   facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d
6   791, 794 (9th Cir. 1992).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.
7   *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

8   A properly pled complaint must provide a short and plain statement of the claim showing
9   that the pleader is entitled to relief." Fed.. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*,
10  550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it
11  demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause
12  of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,
13  286 (1986)).  The court must accept as true all well-pled factual allegations contained in the
14  complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.
15  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do
16  not suffice.  *Id.* at 678.  Allegations of a *pro se* complaint are held to less stringent standards than
17  formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium).
18  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to
19  amend the complaint with directions as to curing its deficiencies, unless it is clear from the face
20  of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United*
21  *States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

22  **A.     Federal Question Jurisdiction**

23  As a general matter, federal courts are courts of limited jurisdiction and possess only that
24  power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).
25  Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil
26  actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises
27  under' federal law either where federal law creates the cause of action or 'where the vindication
28  of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican*

*Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*  Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983.  A claim under this statute invokes the Court's federal jurisdiction.  However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

**B.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Plaintiff asserts damages of $300,000.00 in her complaint.  However, Plaintiff states that he is a citizen of Nevada, but does not provide the citizenship of Defendants.  The diversity jurisdiction statute requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).  Plaintiff and the Defendants appear to be Nevada citizens so there is no diversity jurisdiction in this case.

**C.     Section 1983 Claim**

It appears as though Plaintiff is alleging claims for racial and age discrimination under 42 U.S.C. § 1983.  Plaintiff attached a Notice of Suit Rights letter from the Equal Employment Opportunity Commission dated July 12, 2012.  This letter informed Plaintiff that his lawsuit must to be filed within 90 days of his receipt of the letter.  The Court notes that Plaintiff filed this action on October 11, 2012, which is one day late based on the July 12, 2012 mailing date.  As the Court has no evidence of a postmark with a later date, this suit is untimely.

Additionally, to state a claim under Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see*

*also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). Plaintiff's complaint alleges that he was subjected to racial slurs every day for several years until being fired one month after filing a report with his supervisor. Plaintiff failed to state the names of the people who used racial slurs. However, the Court notes that Ellis Island Casino and Brewery appears to be a private party. Generally, private parties do not act under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 2003). Therefore, the Court finds that Plaintiff failed to provide sufficient facts to state a claim for relief under Section 1983.

Plaintiff may have intended to file a claim for race discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*., and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. However, he did not cite either of these statutes. Also, in order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Plaintiff did not provide the dates of the alleged incidents of racial discrimination, state his race, how he was qualified for his job, and describe any similarly situated employees. Similarly, Plaintiff did not provide any facts pertaining to his age discrimination claim. Therefore, the Court finds that Plaintiff failed to provide sufficient facts to state a claim for relief under Title VII or the ADEA.

In conclusion, absent sufficient factual allegations to correct the above-noted subject-matter jurisdiction deficiencies, Plaintiff's claims cannot survive. As Plaintiff is proceeding *pro se*, the Court will provide Plaintiff with thirty days to amend the complaint.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to its conclusion without the necessity of prepaying any additional fees or costs or giving security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30)** days from the date that this Order is entered to file an Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 15th day of October, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge