UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTWINE HACKNEY, ) | |
|       Plaintiff, ) | Case No.  2:12-cv-01786-JCM-CWH |
| vs. ) | **ORDER** |
| ELLIS ISLAND CASINO AND BREWERY, ) | |
|       Defendant. ) | |

This matter is before the Court on Plaintiff's Amended Complaint (#6), filed on October 25, 2012 and Plaintiff's Motion for Appointment of Counsel (#7), filed on October 25, 2012.

**I.     Screening the Amended Complaint**

On October 11, 2012, Plaintiff filed an Application to Proceed *in Forma Pauperis* (#1).  On October 15, 2012, the Court granted Plaintiff's Application to Proceed *in Forma Pauperis* and ordered the Clerk of the Court to file Plaintiff's Complaint.  *See* Order #3.  In addition, the Court ordered that the Complaint be dismissed without prejudice and granted Plaintiff thirty days to file an amended complaint correcting the noted deficiencies.  On October 25, 2012, Plaintiff filed an Amended Complaint (#6), which the Court will now screen.

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Additionally, the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

**A.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Diversity jurisdiction does not exist because both parties are citizens of the State of Nevada.

2

**B.     Federal Question Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff submitted an Amended Complaint on a form entitled Civil Rights Complaint pursuant to 42 U.S.C. § 1983 alleging discrimination based on race, color, sex, and age. A claim under this statute invokes the Court's federal jurisdiction. However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

**C.     1983 Claim**

Nowhere in his complaint does Plaintiff allege when he received the Notice of Suit Rights letter from the Equal Employment Opportunity Commission. However, courts presume a right to sue letter is received within three days of its mailing for purposes of calculating whether a Title VII complaint was filed within the ninety-day limitations period. *Payan v. Aramark Mgmt. Svcs. Ltd.*, 495 F.3d 1119, 1125-26 (9th Cir. 2007); *see also* Fed. R. Civ. P. 6(d) (providing for three additional days after a period would otherwise expire when service is made by mail). Using the Notice of Suit Rights letter's mailing date as a starting date, Plaintiff presumably received it three days later on July 25, 2012. Plaintiff filed his Application with the Court on October 11, 2012. As such, the Court finds that this action was timely filed.

Nevertheless, to state a claim under Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). The Court's prior Order informed Plaintiff that he failed to state sufficient facts to find that a private party defendant acted under the color of state law. Plaintiff's Amended Complaint failed to correct this deficiency and therefore, the Court finds that Plaintiff failed to provide sufficient facts to state a claim for relief under Section 1983.

### D.     Title VII Claims

As discussed in the prior Order, Plaintiff may have intended to file a claim for race discrimination and retaliation in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*. Plaintiff's Amended Complaint failed to cite this statute. In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish the following: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Plaintiff provided a statement of facts that alleges that he was terminated on September 7, 2009 for not appearing at work. He alleges that another employee, Charolette committed a similar offense and was not disciplined. However, Plaintiff failed to state his race and describe how he was qualified for his job. Therefore, he has failed to provide sufficient facts to state a claim for racial discrimination under Title VII.

Similarly, to state a claim for retaliation in violation of Title VII, Plaintiff must establish the following: (a) he engaged in a protected activity, (b) he suffered an adverse employment action, and (c) there was a causal link between the protected activity and the adverse employment action. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008). Plaintiff alleges that on August 27, 2009, he reported that he was called racial slurs to Teresa and she took action to prevent it from happening again. Plaintiff failed to state Teresa's job title or relationship to Plaintiff. As a result, the Court is unable to determine whether Plaintiff reported the use of racial slurs to Defendant and

engaged in a protected activity.  Additionally, Plaintiff failed to describe whether a casual nexus exists between Plaintiff's August 27, 2009 report and his termination.  Therefore, the Court finds that Plaintiff failed to provide sufficient facts to state a cognizable retaliation claim under Title VII.

## II.    Motion for Appointment of Counsel

Plaintiff seeks an order from the court appointing counsel to represent him in this matter. Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant.  For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  The circumstances in which a court will make such a request, however, are exceedingly rare. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.  Plaintiff contends that he does not have the income to retain a lawyer and believes that the Equal Employment Opportunity Commission would have supported his claims if they had conducted a proper investigation.  The Court finds that Plaintiff's proffered reasons for appointing counsel are insufficient to meet the "exceptional circumstances" standard.  The discrimination claims that Plaintiff is attempting to pursue are not particularly complex in light of the alleged facts and Plaintiff's Amended Complaint suffers from several deficiencies that, if not corrected, may result in the dismissal of his action.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Amended Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.

Plaintiff will have **thirty (30)** days from the date that this Order is entered to file a Second Amended Complaint, if he believes he can correct the noted deficiencies.  Failure to comply with this Order may result in the Court recommending that this action be dismissed.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (#7) is **denied**.

      DATED this 4th day of December, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**